# Exhibit 1




*Law Department*

***Sarah L. Nelsen***
Senior Attorney

*Hormel Foods Corporate Services, LLC*
*1 Hormel Place*
*Austin MN 55912-3680*
*Telephone: (507) 437-5936*
*Fax: (507) 437-5135*
*Email: slnelsen@hormel.com*

March 17, 2020

Courtni Moorman
Director & Managing Counsel
J.M. Smucker Company
1 Strawberry Lane
Orrvile, Ohio, 44667-0280
Courtni.moorman@jmsmucker.com

Re: Avoiding Trademark Infringement and Consumer Confusion

Dear Courtni,

I write to you on behalf of Hormel Foods Corporation, the owner of the SKIPPY peanut butter brand. Hormel Foods owns a variety of trademark rights in and to the SKIPPY word, design and trade dress – both registered and in common law ("Marks"). As you know, these rights provide Hormel Foods with exclusive nationwide rights for our categories of products. In addition, Hormel Foods and our predecessors ("Hormel Foods") have invested substantial effort and money in promoting our products under the Marks and in carefully controlling the public's perception of the nature and quality of the products associated with the Marks. As a result, these Marks are extremely valuable assets for Hormel Foods.

One such asset is the color teal. Hormel Foods has used the teal color on its SKIPPY packaging and lids since the 1980's. In addition, Hormel Foods owns teal in the ray design on the labels. As you know, trademark owners have the right to prevent others from using trademarks in a manner that is likely to cause consumer deception, confusion or mistake as to the source of goods or services. It has come to our attention that Smuckers has recently begun or is considering to use teal on the lid and on the label of Jif branded products.







Smuckers has typically and historically used red as its dominate color.




We find this change in color choice concerning. After years of not using teal on product packaging on Jif branded product, why would Smuckers do this now, if not only to try to capitalize on the equity Hormel Foods has been building in the color for over thirty years? Should consumer confusion occur due to Smucker's use of color, this letter services as notice to Smuckers that Hormel Foods will aggressively defend its rights. We believe it is in the best interest of Smuckers, Hormel Foods and our respective consumers to avoid injecting source confusion into the marketplace. As a result, we appreciate your cooperation in refraining from any encroachments of our trade dress.



If you have any questions, feel free to contact me.

Sarah L. Nelsen
Hormel Foods Corporation
Senior Attorney
(507) 437-5936