IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
AKRON DIVISION

| The J. M. Smucker Company, | CASE NO.: 5:20-CV-01132-SL |
|---|---|
| Plaintiff, | **OPPOSITION TO MOTION TO EXTEND [DE 7]** |
| vs. | |
| Hormel Foods Corporation, | |
| Defendant. | |

Plaintiff, The J. M. Smucker Company ("Smucker") hereby respectfully opposes the motion by defendant Hormel Foods Corporation ("Hormel") for a thirty-day extension of time to respond to the Complaint [DE 7].

Hormel's request for a lengthy thirty-day extension of time to respond to the Complaint is a further attempt to interfere with Smucker's nationwide launch of its JIF No Added Sugar peanut butter and interposed purely for delay and procedural manipulation. Smucker was willing to agree as a matter of courtesy to a ten-day extension that would have given Hormel's counsel a total of thirty-one days to respond to the Complaint, which itself was filed following <u>months</u> of discussion between counsel. Hormel's insistence on a total of <u>fifty-one</u> days is premised solely on rote,

generic representations about needing to investigate the claims and representations that contradict the history of this dispute.

The underlying "claim" that Hormel represents it needs to investigate is its own objectively baseless claim that Smucker's light blue packaging for its JIF No Added Sugar, which is already on grocery shelves in Ohio, infringes Hormel's dark teal label and lid for its SKIPPY creamy-style peanut butter. To protect its nationwide launch, Smucker filed this lawsuit seeking declaratory relief and to stop Hormel's tortious interference and threats of sham litigation. During the months of discussions between the parties that preceded this lawsuit, which involved litigation counsel for both parties, it became self-evident that Hormel's sole goal was to delay Smucker's nationwide launch of its new JIF No Added Sugar product and clear the path for Hormel's own upcoming June new product launch for its SKIPPY brand. At the time the Complaint was filed, Smucker did not know what those new SKIPPY products would be. Smucker has since discovered that Hormel's launch includes two products – SKIPPY No Added Sugar and SKIPPY squeeze pack – that copy two of the new products Smucker itself had announced in February at an industry conference.

Meanwhile, Smucker's own nationwide launch of JIF No Added Sugar peanut butter has been delayed from its original June date to a tentative date later this summer. Because the issues in this case have already been thoroughly explored between the parties and will require very little factual discovery, Smucker intends to seek expedited tracking of this case. A thirty-day extension, given the advanced status of discussions between the parties, is unnecessary.

Hormel's representations regarding the parties' June 15, 2020 discussion and Smucker's offer of a ten-day extension are misleading. First, Hormel implies that it might be able to provide Smucker with legal authority that will cause Smucker to withdraw its tortious interference claim;

that is bunk. Smucker researched its claims prior to filing and is confident the claim is sufficiently pleaded. During the parties' call on Monday June 15, 2020, Hormel claimed Smucker's pleading was insufficient and Smucker's request for legal authority merely called Hormel's bluff. As anticipated, Hormel was unable to articulate any Ohio legal authority supporting its assertions. Second, Smucker's offer was premised on its representation that its nationwide launch would not take place during the ten-day extension – which based on party discussions appears to be the event Hormel is waiting for.

Smucker provided Hormel's litigation counsel with a copy of the Complaint the day it was filed and invited discussion with Hormel. Counsel for Hormel did not reach out until shortly before its response deadline. It has become clear that Hormel is seeking to delay its response date in this lawsuit so that it can file a lawsuit presumably in Minnesota following Smucker's media-intensive nationwide launch later this summer and brand Smucker and its new product as "infringers" in the media and to the public. If Hormel's purpose was not pure procedural wrangling, it could file claims here –where JIF No Sugar Added has been available on grocery shelves for more than two months.

Smucker is not opposed to a reasonable extension of no more than two weeks, but respectfully asks that the Court not enable Hormel's attempt to manipulate the procedures of this Court.

Dated: June 16, 2020

Respectfully submitted,

*/s/Christina J. Moser*
Deborah A. Wilcox (0038770)
Email: dwilcox@bakerlaw.com
Christina J. Moser (0074817)
Email: cmoser@bakerlaw.com
BAKER & HOSTETLER LLP
Key Tower
127 Public Square, Suite 2000

Cleveland, OH 44114-1214
Telephone: 216.621.0200
Facsimile: 216.696.0740

Attorneys for Plaintiff
The J. M. Smucker Company

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing was served on counsel of record in this case via the Court's Electronic Case Filing system.

                                                      */s/Christina J. Moser*
                                                  Counsel for Plaintiff